IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD SMITH

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.
_____/

CIVIL ACTION
FILE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Polk County, Florida.

2. Defendant is a foreign for profit engaged in consumer debt collections.

3. Defendant was attempting to collect an alleged but unsubstantiated debt against Plaintiff, which gives rise to this action.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. 1331

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Polk County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

### IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

    (A)   to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)   to dial such numbers.

See, 47 U.S.C. 227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

>   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>   (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>   (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. 227 (b)(3).

## V. FACTUAL ALLEGATIONS

10. Defendant called Plaintiff's cell phone repeatedly, with an auto-dialer, without express consent in the 12 months prior to the institution of this action.

11. Defendant continued to call Plaintiff's cell phone intentionally, in total disregard of Plaintiff's legal rights under the TCPA.

## VI. TCPA VIOLATIONS

12. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TCPA include, but are not limited to, the following:

13. The actions of the Defendant individually and collectively violated the TCPA.

14. By the Defendant calling the Plaintiff's phone without express consent and in direct violation of Plaintiff's instructions, thereby Defendant violated the TCPA. 27 U.S.C. 227

15. By the Defendant calling the Plaintiff's phone without consent and expressly against the directive that Plaintiff issued to Defendant, Defendant violated the TCPA. 27 U.S.C. 227

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3);

(3) Fair and reasonable costs of this action, court costs and attorney's fees;

(4) Injunctive relief;

(5) Such other and further relief that the Court deems just and proper.

I hereby swear and affirm that the factual allegations contained herein are true and accurate.

*/s/ Edward Smith*
Edward Smith

*/s/*

W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com